MAN WEI SHIU, Dan Feng Lin, on behalf of themselves and others similarly situated, Plaintiffs–Appellees,

v.

JUNG & ASSOCIATES LAW OFFICE P.C., Appellant,

** The Clerk of the Court is directed to amend the caption as set forth above.

New Peking Taste Inc., DBA New Peking Taste Restaurant, Gen Xu Shu, Xiao Mei Wang, John Doe, Jane Doe, ABC Corporation, Defendants.**

No. 13–2488.

United States Court of Appeals, Second Circuit.

March 26, 2014.

Isaiah F. Shotkin, New York, NY, for Appellant.

Thomas Hsieh Chih Kung (Benjamin B. Xue, on the brief), Xue & Associates, P.C., New York, NY, for Appellees.

PRESENT: DENNIS JACOBS, ROSEMARY S. POOLER, Circuit Judges, CHRISTINA REISS, District Judge.*

### SUMMARY ORDER

The law firm Jung & Associates Law Office P.C. (the "Jung Firm") appeals from an order of the United States District Court for the Eastern District of New York (Garaufis, *J.*), which imposed the costs of several court conferences jointly and severally on the Jung Firm pursuant to Fed.R.Civ.P. 16(f). The court determined, based on the Report and Recommendation of Magistrate Judge Roanne Mann, that those conferences had been rendered meaningless due to the dereliction of the Jung Firm (as well as other attorneys purportedly from the law firm of

* Chief Judge Christina Reiss, of the United States District Court for the District of Vermont, sitting by designation.

Neiman, Wang & Associates P.C.). We assume the parties' familiarity with the underlying facts, the procedural history, and the issues presented for review.

We review the imposition of Rule 16(f) sanctions for abuse of discretion. *See Ashlodge, Ltd. v. Hauser*, 163 F.3d 681, 683 (2d Cir.1998), *abrogated on other grounds by Cunningham v. Hamilton Cnty.*, 527 U.S. 198, 210, 119 S.Ct. 1915, 144 L.Ed.2d 184 (1999). Upon reviewing the record, we conclude that the district court acted well within its discretion in imposing sanctions on the Jung Firm. The Jung Firm failed to adequately supervise attorney Lydia Celis, who was of counsel to the Jung Firm and whose misconduct in this case is not contested.

Finding no merit in the Jung Firm's arguments, we hereby **AFFIRM** the order of the district court.